J-S37035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                    :
                                :
                                :
EDWARD CLYDE ELVIN, JR.       :
                                :
          Appellant        :     No. 448 EDA 2023

Appeal from the Judgment of Sentence Entered December 19, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0000233-2021

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                    :
                                :
                                :
EDWARD CLYDE ELVIN, JR.       :
                                :
          Appellant        :     No. 449 EDA 2023

Appeal from the Judgment of Sentence Entered December 19, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0002955-2022

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:          **FILED NOVEMBER 21, 2023**

At trial court docket number 233-2021 (No. 233), Edward Clyde Elvin, Jr. (Appellant), appeals from the judgment of sentence imposed following his open guilty plea to five counts of sexual abuse of children – possession of child pornography, as second-degree felonies.[1]  At trial court docket number 2955-

---

[1] 18 Pa.C.S.A. § 6312(d).

2022 (No. 2955), Appellant appeals from the judgment of sentence imposed following his open guilty plea to five additional counts of sexual abuse of children – possession of child pornography, as second-degree felonies.[2]  We affirm Appellant's judgments of sentence at both docket numbers.

The trial court described the underlying facts:

With reference to [No. 233], on October 13, 2020, police received a cyber-tip involving information about possession of child pornography.  The police performed an investigation, which led to a search warrant on October 28, 2020, for an address belonging to the Appellant.  At that time, Appellant was found to be in possession of seven thousand[,] three hundred and sixty[-]six (7,366) offending images, depicting children under the age of 18 engaged in sexual acts and/or posing naked.  Over one hundred (100) of these images were of children under the age of 13, with the majority of the images and files being of babies and toddlers, being penetrated, touched[,] and otherwise sexually abused.

With reference to [No. 2955], on April 28, 2022, Appellant was in possession of additional child pornography, including eight (8) images and four (4) videos, totaling 208 images.  These images contained prepubescent children under the age of 13, including images of oral sex between adults and prepubescent children under the age of 13.  (N.T., 8/29/22, pp.8-9, lines 21-11; N.T., 11/16/22, p. 12, lines 2-16).[]

…  Appellant's possession of child pornography [at No. 2955] occurred while Appellant was free on bail for the same types of offenses [at No. 233].

Trial Court Opinion, 3/9/23, at 3-4 (paragraph break added).

On August 29, 2022, Appellant tendered his open guilty plea at No. 233.

On November 16, 2022, Appellant tendered his open guilty plea at No. 2955.

---

[2] This Court consolidated the appeals *sua sponte*.  **See** Order, 3/15/23.

The trial court held a sentencing hearing regarding both pleas on December 19, 2022. That same day, the trial court sentenced Appellant at both docket numbers. At No. 233, for Count 1, the trial court sentenced Appellant to 2 – 4 years in prison, with credit for time served. At Counts 2, 3, 4, and 5, the trial court imposed concurrent prison terms of 2 – 4 years.

At No. 2955, at Count 1, the trial court sentenced Appellant to 2 - 5 years in prison, to be served consecutive to his sentence for Count 1 at No. 233. At Count 2, the trial court sentenced Appellant to 2 – 5 years in prison, imposed consecutive to his sentence at Count 1. For Counts 3, 4 and 5, the trial court imposed prison terms of 2 – 5 years, each to be served concurrent with his sentence at Count 2. Thus, Appellant's aggregate sentence totaled 6 – 14 years in prison.

Appellant filed post-sentence motions at each docket number. On January 6, 2023, the trial court denied Appellant's post-sentence motion at No. 233. On February 3, 2023, the trial court denied Appellant's post-sentence motion at No. 2955. Appellant timely filed separate notices of appeal at each docket number. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue:

Whether the imposition of consecutive sentences resulted in a manifestly unreasonable aggregate sentence when, in formulating such a sentence, the sentencing court failed to give meaningful consideration to Appellant's advanced age, multiple health issues, [his] rehabilitative needs … and, consequently, imposed a

sentence that was inconsistent with the gravity of the offense, all in contravention of Section 9721(b) of the Sentencing Code?

Appellant's Brief at 4 (capitalization modified).

Appellant challenges the discretionary aspects of his sentences, from which there is no automatic right of review. *See Commonwealth v. White*, 193 A.3d 977, 982 (Pa. Super. 2018) ("with regard to the discretionary aspects of sentencing, there is no automatic right to appeal."). Before we reach the merits of a challenge to the discretionary aspects of a sentence,

> we must engage in a four part analysis to determine: (1) whether the appeal [was timely-filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super. 2022) (citation omitted).

Appellant has satisfied the first three prongs of the analysis, as he raised his challenge in post-sentence motions, timely filed separate notices of appeal, and included in his brief a Rule 2119(f) statement. *See* Appellant's Brief at 15. Thus, we consider whether Appellant has raised a substantial question.

In his Rule 2119(f) statement, Appellant argues the sentencing court failed to

give meaningful consideration to [his] rehabilitative needs, his demonstrated commitment to treatment, advanced age,[3] and multiple health ailments[, which] resulted in a manifestly unreasonable sentence that is tantamount to a life sentence given Appellant's circumstances, and that a virtual life sentence is not consistent with the gravity of Appellant's offenses….

Appellant's Brief at 17 (footnote added). Appellant claims the trial court focused almost exclusively on the fact that he committed the crimes at No. 2955 while he was on bail at No. 233. **Id.**

Appellant raises substantial questions. **See Commonwealth v. Lewis**, 45 A.3d 405, 411 (Pa. Super. 2012) (concluding appellant raised a substantial question by alleging the sentencing court focused exclusively on one sentencing factor); **Commonwealth v. G.D.M.**, 926 A.2d 984, 991 (Pa. Super. 2007) (recognizing a substantial question exists where appellant claimed a manifestly excessive sentence resulted from the imposition of consecutive sentences). Accordingly, we address his sentencing challenge.

Our standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[3] Appellant was 67 years old at sentencing. **See** Trial Court Opinion, 3/9/23, at 10.

*Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019) (citation omitted).

"[W]hen imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020).

> [W]hen imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on the victim and community, and rehabilitative needs of the defendant….
>
> Furthermore, [a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence[.] The sentencing court, however, must also consider the sentencing guidelines.

*Clemat*, 218 A.3d at 960 (citation omitted, paragraph break added).

> … [T]he trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation.
>
> However, where the sentencing judge had the benefit of a presentence investigation report … it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Id.* at 959-60 (citations omitted; paragraph break added).

Appellant claims his sentence "is inconsistent with the gravity of the offenses." Appellant's Brief at 20 (capitalization modified). Appellant argues

- 6 -

that, given his age and health issues, the sentence "was tantamount to a life sentence[.]" *Id.* Appellant claims the sentence was not warranted because he possessed child pornography on only two occasions. *Id.* Appellant asserts: "It is a non-contact, possessory offense." *Id.* Appellant accepts that possession of child pornography warrants consequences, but argues reiterates it does not warrant a "virtual life sentence[.]" *Id.* at 22.

Appellant directs our attention to a 2013 Report to Congress, in which the Federal Sentencing Commission concluded that the number of images possessed by an offender is no longer an accurate measure of criminal culpability. *Id.* at 23. Appellant asserts,

> the harm caused by Appellant's offense, and the nature of his possession of child pornography, although reprehensible, are not consistent with a sentence of six (6) to fourteen (14) years which, for Appellant, is likely a life sentence.

*Id.* at 24.

Appellant further argues the trial court failed to meaningfully consider mitigating factors. *Id.* According to Appellant, "there was significant reason to believe that Appellant would respond well to treatment and rehabilitation." *Id.* at 25. Appellant points out that within five days of his release from custody following his **second** arrest, he voluntarily enrolled in weekly therapy. *Id.* Appellant claims he did not miss a single appointment from May 10, 2022, to his sentencing on December 19, 2022. *Id.* Appellant references his therapist's statement about Appellant's "willingness to explore triggers to unwanted behaviors and likewise identify coping strategies to rely on for

relapse prevention." *Id.* Thus, Appellant claims he has demonstrated a "significant capacity" for rehabilitation. *Id.* at 26.

Appellant further emphasizes his accountability, noting that he has cooperated with law enforcement, admitted guilt, and entered open guilty pleas. *Id.* Appellant asserts the sentencing court "engaged in no meaningful discussion or recognition of these factors[.]" *Id.* Appellant disputes the sentencing court's statement to the contrary. *Id.*

The record does not support Appellant's argument. Our review discloses that the trial court considered Appellant's age, rehabilitative needs and mitigating factors. At sentencing, the trial court summarized the applicable sentencing guidelines, and correctly identified the standard range sentence for each of the ten counts. N.T., 12/19/22, at 6-7. The trial court further recognized the statutory limit of 10-20 years in prison. *Id.* at 7.

In addition, the trial court had the benefit of a pre-sentence investigation report (PSI); the Sexual Offender's Risk Assessment (prior to entry of the November 16, 2022, guilty plea); the report of the Sexual Offenders Assessment Board (finding Appellant did not meet the criteria to be classified as a sexually violent offender); and the Commonwealth's sentencing memorandum. *Id.* at 4.

The trial court heard from Marguerite Henderson, who is the mother of Appellant's son. *Id.* at 9. Ms. Henderson testified about Appellant being abused as a child, as well as his recent participation in therapy. *Id.* at 11.

Ms. Henderson stated that Appellant has "taken a lot of accountability for what's happened and realizes that there's a lot more to the situation[.]" ***Id.*** Ms. Henderson also testified that Appellant has health problems which include heart issues and diabetes. ***Id.*** at 12.

Thereafter, the trial court acknowledged Appellant's enrollment in therapy. ***Id.*** at 14. The court stated it had received

> a letter dated December 16th of 2022. And for purposes of the record, it indicates [Appellant] has been with this particular treatment service since May of 2022, indicating that [Appellant] was diligent in attending all of his therapy, and shown a willingness to explore triggers and coping strategies to rely on, and indicating that he would benefit from continued therapy.

***Id.*** at 15.

In response, the Commonwealth emphasized that Appellant had possessed over 7,000 child-pornography videos at No. 233, and "a couple hundred" videos at No. 2955. ***Id.*** at 17. Norristown Police Detective Jim Reape explained that Appellant agreed to discuss the incident after his first arrest. ***Id.*** at 17. According to Detective Reape, Appellant acknowledged

> he's been searching for pornography in general for approximately the last ten years prior to that arrest[,] with a concentration or a focus, he would say, into child pornography for the last three years prior to that initial arrest.

***Id.*** at 18. Detective Reape described the images seized from Appellant's computer as prepubescent children, some under the age of three years, engaged in sexual intercourse with an adult male. ***Id.*** Regarding Appellant's

second arrest, Detective Reape explained that police seized "several videos, fifteen maybe or so[.]" *Id.* at 21.

The trial court subsequently explained,

This is really troubling. I wanted to let you know what I've taken into account. … First of all, the documentation that has been made part of this record, the presentence investigation report, the psychosexual evaluation, the determination by the Sexual Offender's Board of [Appellant] not being a sexually violent predator, the sentencing memorandum and exhibits presented by [Appellant,] because I recognize that [Appellant's] prior record score originates from, in most instances, when he was in his twenties. So I have taken all of that into consideration. And I've taken into consideration that he has no criminal activity for 20 or more – over 20 years.

That being said, … the nature of this offense, as [Appellant's] counsel indicated, and the horror of these images – and I can't think of a word that really appropriately fits; horror minimizes it – is taken into account in terms of the sentencing guidelines and the nature of the offense and the statutory limits.

But even so, what troubles me more than anything else here is the second offense …. [Appellant's] out on bail. He understands he's just been arrested. He understands he's facing criminal charges. He vents his soul and says, Yeah, I did this. I did this. I'm going to take responsibility for what I did. And he cooperates. And in no time at all, we find [Appellant] back doing the same thing again. It's unfathomable to me.

I'm asked to understand [Appellant] can be reformed because he's responded to therapy, and he knew that because he responded to therapy previously, in his twenties and led a crime-free life. …

And in this case, [Appellant] doesn't seek [therapy] after the first arrest. He doesn't run to a therapist at that point in time and say, I just did something wrong and I don't understand it. I need help. Instead, he turns back and does it again in violation of his bail conditions, knowing he was facing felony charges already. And at that point in time, I don't recall how many charges he was facing, but he knew he had thousands of images.

- 10 -

… If it was one case with the totality of the images, maybe. But after being arrested and knowing what he was facing from a criminal standpoint, forget the harm [Appellant is] doing, from a pure criminal standpoint … what [Appellant] did was illegal.

….

One of the things that we look at when we look at sentencing is recidivism likelihood. How do we reform? I don't know that's possible in every case, but I do know this: **This arrest didn't keep [Appellant] from committing the same crime over again. [Appellant] argued for a period of long probation.**

… [I]n fashioning my sentence, I'm not going to impose probation. And the reason I'm not going to impose probation is that I'm going to incarcerate [Appellant] for a substantial period of time….

*Id.* at 43-47.

As set forth above, the trial court properly weighed relevant sentencing factors, including Appellant's age and health. *See Clemat*, 218 A.3d at 960. Contrary to Appellant's assertion that he received a *de facto* life sentence, Appellant's minimum sentence of six years would make Appellant eligible for release in his early 70s. Appellant "is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." *Commonwealth v. Brown*, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citation omitted).

For the above reasons, we discern no abuse of the trial court's sentencing discretion. Appellant's challenge to the discretionary aspects of his sentences warrants no relief.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date:  11/21/2023