J-S14007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIC M. LIVERING | : | |
| Appellant | : | No. 1304 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 5, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001923-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIC M. LIVERING | : | |
| Appellant | : | No. 1305 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 5, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0002043-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIC M. LIVERING | : | |
| Appellant | : | No. 1306 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 5, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0002069-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|

J-S14007-24

                                          :

         v.                           :

                                       :

                                       :

ERIC M. LIVERING                  :

                                       :

           Appellant         :      No. 1307 MDA 2023

Appeal from the Judgment of Sentence Entered February 5, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000121-2019

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:       **FILED: MAY 3, 2024**

Eric M. Livering appeals[1] from the judgment of sentence, entered in the Court of Common Pleas of Lebanon County, after he entered a negotiated guilty plea to 100 counts each of sexual abuse of children (manufacturing child pornography)[2] and sexual abuse of children (possession of child pornography),[3] 77 counts of invasion of privacy,[4] four counts of involuntary deviate sexual intercourse ("IDSI") with a child,[5] two counts each of indecent assault of a person less than 13 years of age[6] and indecent assault of an

---

[1] Livering has complied with the dictates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), by filing four separate notices of appeal, one at each docket number. By *per curiam* order dated November 2, 2023, this Court, *sua sponte*, consolidated Livering's appeals. **See** Pa.R.A.P. 513.

[2] 18 Pa.C.S.A. § 6312(b).

[3] *Id.* at § 6312(d)(1).

[4] *Id.* at § 7507.1(a)(1).

[5] *Id.* at § 3123(b).

[6] *Id.* at § 3126(a)(7).

unconscious person,[7] and one count each of IDSI with a person less than 16 years of age[8] and indecent assault of a person less than 16 years of age.[9] After careful review, we affirm.

The charges to which Livering pled guilty arose from his sexual abuse of four minor girls, which he captured on video cameras hidden throughout his home. The abuse was uncovered when one of Livering's victims, his 12-year-old step-granddaughter, found naked pictures of herself while using Livering's Amazon Fire tablet. In addition to images of the victims in various states of undress, the videos also showed Livering committing various sexual acts upon two of the victims while they were unconscious.[10] *See generally* Affidavit of Probable Cause (No. CR-1923-2018), 11/20/18; *id.* (No. CR-2043-2018), 12/5/18; *id.* (No. CR-2069-2018), 12/6/18; *id.* (No. CR-121-2019), 1/3/19. On November 8, 2019, Livering entered a global guilty plea, pleading guilty to all charges at all four docket numbers in exchange for an aggregate sentence

---

[7] *Id.* at § 3126(a)(4).

[8] *Id.* at § 3123(a)(7).

[9] *Id.* at § 3126(a)(8).

[10] The acts committed by Livering included, *inter alia*, touching a victim's anus and vagina with his fingers; touching his penis to a victim's lips; ejaculating on a victim's lips; touching his penis to a victim's buttocks, lips, hand, face, and forehead; touching a victim's buttocks and masturbating; placing his tongue on a victim's vagina; and masturbating next to a victim's face while touching her clothed buttocks. *See* Affidavit of Probable Cause (No. CR-1923-2018), 11/20/18, at 2-3. All of these acts were committed while the victims were unconscious.

with a minimum term of 15 years, with the aggregate maximum term to be set by the court. Livering signed four written plea colloquy forms, each specifying the maximum aggregate sentence for each docket number and stating that the trial court would determine the maximum sentence. The aggregate maximum possible sentence at all docket numbers if served consecutively was 2,073 years. Following the preparation of a presentence investigation report ("PSI"), on February 5, 2020, the trial court sentenced Livering to an aggregate term of 15 to 40 years' incarceration.

Livering filed neither post-sentence motions nor a direct appeal. On December 8, 2020, the Commonwealth filed a motion asking the court to determine whether Livering should be classified as a sexually violent predator ("SVP"). The trial court granted the motion and, following multiple continuances, scheduled a hearing for November 5, 2021. Nine days prior to that hearing, on October 27, 2021, Livering filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On November 5, 2021, the court proceeded with the SVP hearing, after which it entered an order finding Livering to be an SVP. That same day, the court entered an order appointing PCRA counsel, who filed an amended petition alleging ineffective assistance of counsel. Specifically, Livering averred that plea counsel failed to file requested post-sentence motions and an appeal or properly communicate with him regarding his appellate rights, and that counsel informed Livering his only option was to accept a plea because he had

no defense to the charges levied against him. **See** Amended PCRA Petition, 1/27/22, at ¶ 13.

On March 31, 2022, the court held a PCRA hearing, at which Livering and his plea counsel testified. On April 1, 2022, the PCRA court issued an order denying relief on the basis that Livering's petition was untimely. Livering filed a timely appeal. On July 10, 2023, this Court vacated the PCRA court's order, concluding that Livering's judgment of sentence did not become final until 30 days after November 8, 2021, when the court entered its SVP order. Accordingly, Livering's PCRA petition was a legal nullity. However, the Court declined to quash the appeal, concluding:

> [W]e find that the trial court and trial counsel erred in failing to properly identify [Livering's] final judgment, failing to advise [Livering] of his rule-based and constitutional rights, and, thereafter, compounded their errors by erroneously litigating and adjudicating a patently premature *pro se* PCRA petition. Since the trial court and trial counsel have essentially deprived [Livering] of his constitutional right to a direct appeal, we decline to quash this appeal despite the filing of a premature PCRA petition. Instead, we vacate the order entered on April 1, 2022. Consistent with this decision, we remand this matter to the trial court for the entry, on the record, of an explanation of [Livering's] post-sentence and appellate rights pursuant to Pa.R.Crim.P. 720, including an order granting [Livering] *nunc pro tunc* relief to file a post-sentence motion or a direct appeal.

***Commonwealth v. Livering***, 303 A.3d 745, *10 (Pa. Super. 2023) (Table).

Following remand, on August 10, 2023, the trial court held a hearing to comply with the directive of this Court, after which it entered an order reinstating Livering's post-sentence and direct appeal rights, *nunc pro tunc*. On August 18, 2023, Livering filed a post-sentence motion, *nunc pro tunc*,

challenging the trial court's imposition of a 40-year maximum sentence and alleging that the trial court failed to consider his age, medical condition, and rehabilitative needs. *See* Post-Sentence Motion *Nunc Pro Tunc*, 8/18/23, at 4. He further asserted that the sentence was unreasonable and excessive because it was, effectively, a life sentence. *See id.* On August 21, 2023, the court denied the motion. Livering filed four timely notices of appeal, *nunc pro tunc*, followed by court-ordered Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal. Livering raises the following claim for our review:

> Whether the trial court erred and/or abused its discretion when it imposed a maximum sentence of forty (40) years, when such sentence is excessive and unreasonable in light of [Livering's] rehabilitative need[s], age[,] and/or medical condition, which is a challenge [to the] discretionary aspect[s] of sentencing.

Brief of Appellant, at 18 (unnecessary capitalization omitted).

Livering's claim raises a challenge to the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Swope*, 123 A.3d at 337.

Here, Livering filed a post-sentence motion, *nunc pro tunc*, for reconsideration of his sentence, followed by a timely notice of appeal, *nunc pro tunc*. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f). Accordingly, we must now determine whether Livering has raised a substantial question that his sentence is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *See Commonwealth v. Paul*, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quotation and quotation marks omitted).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super. 2022), quoting

*Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (citation

omitted).

In his Rule 2119(f) statement, Livering asserts that

[t]he trial court improperly discounted [Livering's] age, the fact the sentence was a *de facto* life sentence and that [Livering] would likely die in prison and his likelihood of rehabilitation, thereby violating a fundamental norm of sentencing and establishing a substantial question that the sentence imposed is not appropriate.

Brief of Appellant, at 25.

This Court has held that a claim that a court imposed an excessive

sentence after not considering rehabilitative needs raises a substantial

question. *Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super.

2022) (citation omitted). Accordingly, we will review Livering's claim.

In considering a discretionary aspects of sentencing claim, we employ

the following standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019) (citation

omitted). "[W]hen imposing sentence, the trial court is granted broad

discretion, as it is in the best position to determine the proper penalty for a

particular offense based upon an evaluation of the individual circumstances before it." ***Commonwealth v. Mulkin***, 228 A.3d 913, 917 (Pa. Super. 2020).

This Court has also stated:

[W]hen imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on the victim and community, and rehabilitative needs of the defendant[.]

Furthermore, [a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence[.] The sentencing court, however, must also consider the sentencing guidelines.

***Clemat***, 218 A.3d at 960 (citation omitted and paragraph break added).

[T]he trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation.

However, where the sentencing judge had the benefit of a [PSI] . . . it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

***Id.*** at 959-60 (citations omitted and paragraph break added). Finally, in reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any [PSI].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

- 9 -

Livering argues that, given the fact that he was 58 years old at the time of sentencing, the court's maximum sentence of 40 years "guaranteed that [he] would spend the entirety of his remaining life in prison or be perpetually subject to the discretion of the Board of Probation and Parole." Brief of Appellant, at 30. Livering claims that the trial court "failed to properly consider [his] rehabilitative need[s] . . . because imprisoning [him] for the remainder of his life does not allow [him] to become rehabilitated and return to society." *Id.* at 30-31. Livering asserts that his "age, medical condition, and rehabilitative need[s] were not fully appreciated or considered[,] thereby violating the sentencing norms as set forth in *Com*[*monwealth*] *v. Coulverson*, [] 34 A.3d 135 (Pa. Super. [] 2011)." *Id.* at 31.

We are unable to conclude that the court's imposition of a 40-year maximum sentence was manifestly unreasonable in light of the number of counts to which Livering pled guilty, the disturbing facts of this case, the long-term impact of Livering's conduct on his victims, and the lack of any mitigating evidence presented on Livering's behalf at sentencing. First, we note that the sentencing judge[11] had the benefit of a PSI and, as such, we presume that he was aware of the relevant information regarding Livering's character and weighed those considerations along with mitigating statutory factors. *See*

---

[11] We note that the sentencing judge in this matter, the Honorable Samuel A. Kline, retired in 2022. Livering's case was reassigned to the Honorable Charles T. Jones, Jr., who has overseen the matter since the case was remanded by this Court following the entry of the July 10, 2023 memorandum instructing that Livering's post-sentence and direct appeal rights be reinstated *nunc pro tunc*. Judge Jones authored the trial court opinion in this matter.

*Clemat*, *supra*. Additionally, at the sentencing hearing, defense counsel apprised the court of Livering's age, his family, mental health and educational background, and his lack of a prior record. *See* N.T. Sentencing, 2/5/20, at 4-5. The court acknowledged Livering's age, as well as the likelihood that "Livering isn't seeing the outside of a state prison cell for at least 15 years, probably longer." *Id.* at 10. The court also considered Livering's request for psychological testing and urged the Department of Corrections to perform a psychiatric evaluation of Livering. *See id.* at 6 (defense counsel noting Livering "is asking the court to urge the Department of Corrections in the long term to help him understand the why" behind his offenses); *id.* at 36, 38 and 39 (court including special conditions of sentencing urging SCI to perform psychiatric evaluation).

In addition to relevant information regarding Livering's background, however, the court also heard devastating victim impact statements from one of the victims and her mother, whose younger daughter was also one of Livering's victims. Livering was the step-grandfather of those two victims, and they viewed him as a "father figure." *Id.* at 18. The victim testified that, as a result of Livering's actions, she suffers from insomnia, nightmares, panic attacks, migraines, and depression. *Id.* at 15-16. After becoming pregnant, she suffered a miscarriage "due to [her] antidepressants . . . and the stress [her] body and mind [were] under." *Id.* at 16. The victim testified that she will always have a fear of Livering being released from prison and coming after her and her family. *See id.* at 21. She testified:

[Livering] has made me feel disgusting, powerless, damaged, angry, and guilty for not telling anyone about my childhood experiences. I also feel guilty sometimes for trying to be happy.

. . .

He stole my mental recovery, my happiness, my trust in the world, and [my] trust in humanity. He has stolen the family I could have started, my positivity, my sobriety, and my fearlessness.

*Id.* at 17, 21.

The victim's mother offered similar testimony and concluded by stating that she felt as if "the girls and I are serving a life sentence, even though [] Livering will be receiving the consequences of his actions today. I feel as though we will have to live with the ramifications of his actions for the rest of our li[ves]." *Id.* at 31.

As the Commonwealth aptly notes in its brief, in contrast to the emotional and trauma-infused victim impact statements,

[w]hat the court did **not** hear at sentencing . . . was any factor that could lead a reasonable person to believe that [Livering] was actually amenable to rehabilitation. . . . [D]espite his guilty plea, [Livering's] posture at sentencing was one of disassociation with, rather than acknowledgment of, his conduct. He offered no insight or understanding as to what led to his exploitation of the four victims. . . . No witnesses testified on [Livering's] behalf; no testimony established that he had a network of support. Indeed, [Livering] presented no evidence of mitigating circumstances consistent with the possibility of successful rehabilitation, other than his bald guilty plea in lieu of trial.

Brief of Appellee, at 49-51 (emphasis added).

In light of the foregoing, our review of the record reveals no abuse of discretion by the sentencing court. The trial court's maximum sentence of 40 years is consistent with the protection of the public, the gravity of the offenses

as they relate to the impact on the lives of the victims and the community, and Livering's rehabilitative needs. **See** 42 Pa.C.S.A. § 9721(b). Accordingly, Livering is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/3/2024