J-S26020-22

2022 PA Super 212

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN EUGENE BANKES | : | |
| | : | |
| Appellant | : | No. 541 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 16, 2022
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000923-2020

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

OPINION BY McCAFFERY, J.: **FILED: DECEMBER 12, 2022**

Austin Eugene Bankes (Appellant) appeals from the judgment of sentence entered in the Columbia County Court of Common Pleas, following his guilty plea to one count of rape of a child, three counts of rape by forcible compulsion, and two counts of involuntary deviate sexual intercourse (IDSI) by forcible compulsion.[1] The trial court imposed an aggregate sentence of 50 to 140 years' incarceration. On appeal, Appellant claims the court abused its discretion by imposing a purported *de facto* life sentence and by failing to consider his mental health condition, need for rehabilitation, and expressed remorse. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. §§ 3121(c), 3121(a)(1), and 3123(a)(1), respectively.

The parties are well-acquainted with the sordid facts that supported Appellant's convictions. Accordingly, we need not recite in them in detail herein. We briefly note that from July of 2018 to June of 2020, Appellant repeatedly forced the victim to engage in oral, anal, and vaginal sexual intercourse, beginning from the time the victim was 12 years old until she was 14 years old.[2] Trial Ct. Op., 4/11/22, at 2.

On November 17, 2020, Appellant was charged with 65 counts of rape of a child, rape by forcible compulsion, ISDI by forcible compulsion, IDSI with a complainant who is less than 16 years of age,[3] IDSI with a child,[4] and statutory sexual assault.[5] On November 5, 2021, he entered an open guilty plea to one count of rape of a child, three counts of rape, and two counts of IDSI. The remaining crimes were *nolle prossed*.

The trial court held a sentencing/sexually violent predator (SVP) hearing on March 16, 2022.[6] An evaluation by the Sexual Offenders Assessment Board (SOAB) indicated that Appellant was an SVP. Appellant stipulated to the SVP

---

[2] Appellant lived with the victim and her mother. **See** Affidavit of Probable Cause, 9/30/20, at 2.

[3] 18 Pa.C.S. § 3123(a)(7).

[4] 18 Pa.C.S. § 3123(b).

[5] 18 Pa.C.S. § 3122.1(b).

[6] Appellant was 28 years old at the time of the hearing. **See** Appellant's Brief at 9.

classification at the hearing. The court then sentenced Appellant as follows: 20 to 40 years' incarceration for the rape of a child conviction, and five consecutive terms of six to 20 years' imprisonment for the rape and IDSI convictions. Appellant filed a post-sentence motion for reconsideration on March 24, 2022, alleging the court erred: (1) in sentencing him at the top of the standard range to the statutory maximum sentence; (2) in sentencing him to all consecutive sentences, thereby imposing a *de facto* life sentence; and (3) by not considering his mental health conditions and need for rehabilitation when crafting the sentence. ***See*** Appellant's Motion for Reconsideration, 3/24/22, at 2 (unpaginated). The court denied his motion one day later. The timely appeal followed.[7]

Appellant raises the following issues on appeal:

1. Whether the trial court committed error and abused its discretion when it sentenced Appellant to consecutive sentences all at the top of the standard range to maximum sentence thereby giving Appellant a *de facto* life sentence?

2. Whether the trial court erred in not considering Appellant's mental health conditions and need for rehabilitation when crafting the sentence?

3. Whether the trial court erred in not considering . . . Appellant's admission of guilt and expressed remorse when sentencing . . . Appellant?

---

[7] Contemporaneous with his notice of appeal, Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a Pa.R.A.P. 1925(a) opinion on April 11, 2022.

Appellant's Brief at 3.

We note that all three issues concern the discretionary aspects of Appellant's sentence; therefore, we will address them together. Appellant first claims that the trial court erred and abused its discretion by sentencing him to consecutive sentences, all at the top end of the standard range to the statutory maximum sentence, which amounted to a *de facto* life sentence. *See* Appellant's Brief at 8. Appellant notes that even though the trial court reviewed the pre-sentence investigation report (PSI), it "did not have any background history on [him] other than seeing he had a minimal prior record and the current charges." *Id.* at 10. Moreover, he states:

> The PSI was void of any information as to how Appellant grew up, any mental health conditions, if/when he had any form of treatment, how he adjusted to supervision in the past or even what prior services county probation/parole previously recommended for Appellant. The Court seemingly based sentencing on the acts committed and the impact on the victim alone and did not consider any other factors.

*Id.*

Next, Appellant argues that the trial court did not consider his mental health condition and the need for rehabilitation when it crafted the sentence. *See* Appellant's Brief at 12. He points to the following statement made by the court at sentencing: "And I've said it before, mental health issues like bipolar

do not — if you look at the DSM-5,[8] you look at the materials. They do not cause criminal conduct like this. It's independent." N.T., 3/16/22, at 14. Appellant contends the court "was making broad assertions as to mental health conditions as if said assertions are known/proven facts. There was no testimony provided by a mental health care professional to support or counter such an assertion by the [c]ourt." Appellant's Brief at 12.

Lastly, Appellant alleges the court acted improperly when it stated it was going to impose "in the standard range but all consecutive to 'make sure there's never another victim that has to go through this.'" Appellant's Brief at 13, *citing* N.T. at 15. Appellant states that there was only one victim in the present matter and "no indication that there were any other victims." **Id.** Moreover, he points out that he admitted guilt and expressed remorse and the court failed to consider these factors. **Id.**

There is no automatic right to review of a challenge to the discretionary aspects of sentencing. **Commonwealth v. White**, 193 A.3d 977, 982 (Pa. Super. 2018).

---

[8] DSM-5 refers to the American Psychiatrics' publication, **The Diagnostic and Statistical Manual of Mental Disorders**, Fifth Edition. "The DSM is a categorical classification system that divides mental disorders into types based on criteria sets with defining features. . . . [T]he DSM is an authoritative compilation of information about mental disorders and represents the best consensus of the psychiatric profession on how to diagnose mental disorders." **Commonwealth v. Hollingshead**, 111 A.3d 186, 190 n.4 (Pa. Super. 2015) (citation and quotation marks omitted).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal [was timely-filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* (citation omitted).

Appellant has satisfied the first three prongs of this analysis, where he raised this challenge in a post-sentence motion, filed a timely appeal, and included in his brief a Rule 2119(f) statement. *See* Appellant's Brief at 7-8. Therefore, we now consider whether Appellant has raised a substantial question for our review.

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (citation omitted).

This Court has previously determined that a substantial question exists when the issue is "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct[.]" *Commonwealth v. Gonzalez-DeJusus*,

994 A.2d 595, 598-99 (Pa. Super. 2010). Moreover, a claim that a court imposed an excessive sentence after not considering rehabilitative needs raises a substantial question. *Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted) (concluding a challenge that the trial court imposed a sentence that was "unreasonable and contrary to the fundamental norms of the Sentencing Code" and did not consider the appellant's rehabilitative needs raised a substantial question) (record citation omitted). Thus, we interpret Appellant's claims to fall under these types of substantial questions. Therefore, we may proceed to consider the merits of his argument.

We consider the relevant standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019) (citation omitted). "[W]hen imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020).

This Court has also stated:

[W]hen imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on the victim and community, and rehabilitative needs of the defendant. . . .

Furthermore, [a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence[.] The sentencing court, however, must also consider the sentencing guidelines.

***Clemat***, 218 A.3d at 960 (citation omitted & paragraph break added).

When imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation.

However, where the sentencing judge had the benefit of a presentence investigation report . . . it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

***Id.*** at 959-60 (citations omitted & paragraph break added).

Here, the trial court had the benefit of the PSI.[9] ***See*** N.T. at 9-10; ***see also*** Trial Ct. Op. at 4. Appellant had a prior record score of one, the offense gravity score (OGS) for rape of a child was 14, and the OGS for rape and IDSI

---

[9] We note while the PSI was provided in Appellant's brief, it was not included in the certified record. Nevertheless, the trial court explicitly stated it had the benefit of a PSI, and that it "was considered and made part of the record." Trial Ct. Op. at 4. We remind Appellant that it is his "burden to ensure that the certified record is complete." ***Commonwealth v. Landis***, 89 A.3d 694, 697 n.5 (Pa. Super. 2014) (citations omitted).

was 12. *See* N.T. at 15-19. The applicable sentencing guidelines provide that the standard ranges were: (1) 7 to 20 years' incarceration for rape of a child, and (2) 4 1/2 to 6 years' imprisonment for rape and IDSI. *Id.* As noted above, the court sentenced Appellant to 20 to 40 years' incarceration for the rape of a child conviction, and consecutive terms of six to 20 years' imprisonment for the three rape and two IDSI convictions, which were all at the top end of the respective standard ranges. *See id.* "Where the sentencing court impose[s] a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) (citations and quotation marks omitted).

Nonetheless, at sentencing, the Commonwealth pointed out that the victim wrote a victim impact statement that was included in the PSI. *See* N.T. at 12. In seeking the imposition of consecutive sentences, the Commonwealth stated:

> [The victim] acknowledges she needs to get help and hopefully with that help she can learn something about healthy relationships and have some healing in her life. We [cannot] restore her childhood, but we can show the victim and the rest of society that we [do not] tolerate these kind[s] of crimes.
>
> But the plea offer was crafted with an eye towards the ongoing nature of the abuse and also various acts that took place. . . .

*Id.* at 12-13.

Appellant also invoked his right to allocution, testifying to the following:

Your Honor, I am filled with so much guilt. I have hurt not only my victim, but others through my horrendous actions. I want to let my immediate victim know that I am truly sorry for what I have done and I also want to let everyone else that I have hurt through my actions regarding this whole situation know that I also have recognized the pain that I have caused everyone and that I feel horrible for it all and I'm sincerely sorry.

I was the adult in this [relationship with the victim] and I should have known right from wrong. Instead, my desire or my own selfishness and immediate gratification turned me into what I consider the lowest life form. This past month I have had many days to see just how deep I hurt my victim and all the others I have affected.

I know that I need help for the problems that I have and as undeserving as I am, I ask . . . the [trial c]ourt for mercy. I know I have hurt many and I'm truly deserving of prison time. Just please be merciful so I may some day have a second chance at life in this society.

N.T. at 11.

At the conclusion of the proceeding, the trial court explained its rationale

as follows:

[I]t's just hard to imagine the barbarism and depravity of the people in the world and this case encompasses all of that. It's so sad. That little girl had to go through this. I have no idea what would prompt this kind of conduct.

\* \* \*

So it's just hard to imagine there is no excuse. No excuse for this. And I've said it before, mental health issues like bipolar do not — if you look at the DSM-5, you look at the materials. They do not cause criminal conduct like this. It's independent.

- 10 -

And regardless of [Appellant]'s ability to rehabilitate himself, we don't know if that can happen. We don't know how long that will take. I wish him the best. I wish everybody in this world the best. But by the same token, we in the criminal justice system have to protect [the general public] from those [like Appellant] who can't control themselves.[10] That's casting this in the best light.

That's why I pronounce this sentence. Everything is going to be in the standard range. But you're going to notice that it's all consecutive, and the purpose of this is to make sure there's never another victim that has to go through this.

\* \* \*

I want to note for the record that I have considered all the purposes of sentencing including punishment, rehabilitation, incapacitation, and those others which are outlined in Chapter 97 of [the] Sentencing Code of Title 42.

N.T. at 14-15, 19.

In its Pa.R.A.P. 1925(a) opinion, the trial court supplemented its

statements at sentencing with the following:

To make it . . . painfully clear, [Appellant] forced oral, anal, and vaginal sexual intercourse upon the [v]ictim . . . for a period of about two . . . years, extending from the time [the victm] was 12 years old and thereafter. No more needs to be said about the facts to justify consecutive sentences. [Appellant] should be punished for each event with respect to which he was convicted. A concurrent sentence on one count would be tantamount to a free pass to [Appellant] for the violent, abusive and devastating event that would be encompassed by that particular count. Concurrent sentences would ignore that each event was a separate, hellish event for the [v]ictim and would be an insult to the [v]ictim and the trauma brought upon her.

---

[10] The trial court subsequently corrected a typographical error in the sentencing transcript. *See* Trial Ct. Op. at 3.

Th[e trial] court expressly confirmed on the record that [it] considered all of the purposes of sentencing, including punishment, rehabilitation and incapacitation. Th[e] court considered the prospects of rehabilitating [Appellant] and found them to be too speculative. To be more bold, th[e] court does not have any level of confidence that [Appellant] can be "cured" of being a pedophilic Sexually Violent Predator. Th[e] court considered [Appellant]'s mental illness and found that his bipolar condition did not "cause" [his] barbaric conduct. To conclude that or to accept that argument would be an insult to, and would add to the already unfair stigma attached to, the huge numbers of persons who suffer from mental illnesses in our country. It is false to claim, as [Appellant] does . . . in his "Concise Statement of Errors. . .," that th[e] court did not consider [his] mental hea[l]th conditions or [his] prospect for rehabilitation. As cited herein to the record, [the court] most certainly did expressly consider those issues, but [it] did not accept [Appellant]'s counsel's arguments and evidence as credible or of sufficient weight.

As stated by th[e trial] court on the record, if a person is capable of such perverse violence upon a poor little girl, he must be incapacitated from perpetrating that violence on anyone else. . . . [The court] confirm[ed] that incapacitation, which is a sentence which takes away the capacity of [Appellant] to commit these crimes again by incarcerating him, was a significant reason behind the sentencing scheme.

Prior to sentencing on each count, th[e trial] court made reference to the Sentencing Guidelines, reciting the Prior Record Score, the Offense Gravity Score and the Standard Range. Each sentence was [at the upper end, but still] within the Standard Range. . . .

Trial Ct. Op. at 2-4

Under our standard of review, we conclude the trial court did not abuse its discretion with regard to Appellant's sentence. Contrary to his argument, it is evident from the sentencing hearing and the Rule 1925(a) opinion that the court considered the required factors under Section 9721(b). Likewise,

the court acknowledged its understanding of the sentencing guidelines, and articulated a sufficient statement of reasons for the sentence imposed.

Appellant's assertions fail for several reasons. First, the court was within its discretion to impose consecutive sentences, even though it amounted to a lengthy sentence. *See Commonwealth v. Clary*, 226 A.3d 571, 581 (Pa. Super. 2020) ("[D]efendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence.") (citation omitted). Further, we will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." *Gonzalez-Dejusus*, 994 A.2d at 599. As the trial court pointed out in support of the imposition of consecutive sentences, "[O]ne need only look to the violent, barbaric and traumatic nature of the offenses. All of the offenses were conducted on different occasions." Trial Ct. Op. at 5.[11] Thus, we discern it was reasonable for the court to impose all consecutive sentences.

Second, we reiterate that when the court has the benefit of the PSI and imposes standard range sentences, we "will not consider the sentence excessive." *Corley*, 31 A.3d at 298 (Pa. Super. 2011). To the extent that

_____

[11] As mentioned in the affidavit of probable cause, a forensic interview of the victim was conducted, and she described how Appellant was "violent and volatile" and "how he had threate[ne]d her life and threatened violence on numerous occasions." Affidavit of Probable Cause, 9/30/20, at 3. She also "provided detailed accounts of 21 separate sex acts with" Appellant. *Id.*

- 13 -

Appellant contends the PSI was incomplete because it did not contain any background history, we note that he failed to raise this claim at sentencing and did not include it in his post-sentence motion. Rather, Appellant raised it for the first time on appeal. It is well-settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, it is waived.

Third, contrary to Appellant's argument, the trial court did consider his mental health conditions and need for rehabilitation. *See* Trial Ct. Op. at 3. Appellant fails to recognize that the court did not accept defense counsel's arguments and evidence concerning these factors "as credible or of sufficient weight." *Id.* Moreover, Appellant raises, again for the first time, that there was no mental health expert testimony to support the court's conclusion that his mental health condition was independent of his criminal conduct. We again find this assertion waived. *See* Pa.R.A.P. 302(a).

Appellant also misinterprets the court's statement about "another victim." Appellant's Brief at 13 (record citation omitted). It is obvious that the court was aware there was only one victim in the present case; it emphasized the prevention of future victims as a reason for imposing consecutive sentences. As such, that claim lacks merit.

Lastly, with respect to Appellant's allegation that the trial court failed to consider his admission of guilt and expression of remorse, the court stated it did consider them, "but found them to pale in comparison to the barbarism of

[Appellant]'s two . . . year course of conduct of raping and traumatizing the [v]ictim." Trial Ct. Op. at 6. We conclude the court's determination does not amount to an abuse of discretion, and Appellant's bald assertion does not persuade us otherwise.

For all of the foregoing reasons, Appellant's challenge to the discretionary aspects of his sentence fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2022