J-A09014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL JOHN KEATING | : | |
| | : | |
| Appellant | : | No. 847 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 23, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005024-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                **FILED: June 20, 2024**

Appellant Carl John Keating appeals from the March 23, 2023 judgment of sentence entered by the Allegheny County Court of Common Pleas, following this Court's vacatur of the original sentence.  On remand, the trial court imposed an aggregate sentence of 5½ to 11 years of imprisonment, followed by 5 years of probation for various crimes including Homicide by Vehicle.  In this appeal, Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The following are the relevant facts and procedural history.  On December 11, 2019, Appellant lost control of his vehicle while under the influence of marijuana and racing another vehicle.  The ensuing collision with two other vehicles resulted in the death of Appellant's girlfriend, Rebecca Koorsen, who was his passenger, and endangered two people in the other vehicles.  Additionally, his vehicle had fraudulent inspection stickers.

On May 12, 2021, Appellant entered into an open guilty plea to the following charges: Homicide by Vehicle; Involuntary Manslaughter; Altered, Forged, or Counterfeit Documents and Plates; two counts of Recklessly Endangering Another Person ("REAP"); two counts of Driving Under the Influence ("DUI"); and seven summary violations of the Motor Vehicle Code.[1]

On August 10, 2021, the court held a sentencing hearing and imposed a sentence, which in relevant part included a sentence of 3¾ to 7½ years of incarceration for Homicide by Vehicle, which exceeded the statutory maximum of 7 years for a third-degree felony conviction pursuant to 18 Pa.C.S. § 1103(3). Accordingly, on appeal, this Court vacated the illegal sentence and remanded for resentencing. *Commonwealth v. Keating*, 292 A.3d 1087, *1 (Pa. Super. 2023) (unpublished memorandum).[2]

At the March 23, 2023 resentencing hearing, the court noted that it had reread "several times" two presentence reports, one from a sentencing in 2011 and one prepared for the August 2021 sentencing. N.T. Sentencing Hr'g, 3/23/23, at 8. After hearing argument from counsel and Appellant's allocution, the court modified the prior sentence only to remedy the illegality

---

[1] 75 Pa.C.S. § 3732(a); 18 Pa.C.S. § 2504(a); 75 Pa.C.S. § 7122(3); 18 Pa.C.S. § 2705; 75 Pa.C.S. §§ 3802(d)(1), 3802(d)(2), 3736(a), 3361, 3362(a)(3), 3309(1), 3367(b), 4703(e), and 4730(a)(2), respectively. In connection with his guilty plea, the Commonwealth withdrew a charge of Homicide by Vehicle while DUI.

[2] While Appellant also challenged the discretionary aspects of his sentence in his initial appeal, this Court did not address that claim in light of the sentencing illegality. *Id.* at *2 n.4.

of the sentence for Homicide by Vehicle by imposing a sentence of 3½ to 7 years of incarceration on that count. It, thus, imposed an aggregate sentence of 5½ to 11 years of imprisonment, followed by 5 years of probation, with credit for time served.[3]

Appellant filed a timely post-sentence motion seeking modification of his sentence, which the trial court denied on July 12, 2023. On July 14, 2023, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following series of questions as a single issue challenging the discretionary aspects of his sentence:

> Was the aggregate sentence imposed manifestly excessive, unreasonable, contrary to the dictates of the Sentencing Code, and an abuse of the sentencing court's discretion? Specifically, did the sentencing court improperly focus on the seriousness of the offense, particularly the impact on the victim's family? Did the sentencing court also fail to appreciate that this was a single car accident, not an intentional crime spree, and as such is unlikely to be repeated? Most alarmingly, the court repeatedly stressed that Mr. Keating should have known better due to his being a past graduate of Mental Health Court. The court's remarks about being personally disappointed, sad, and sick at the

---

[3] Specifically, the court sentenced Appellant as follows: 3½ to 7 years of incarceration on one count of Homicide by Vehicle, with which his single count of Involuntary Manslaughter merged; 5 years of probation on one count of Altered, Forged or Counterfeit Documents and Plates to run consecutively to the incarceration sentences; 1 to 2 years of incarceration for each of two counts of REAP to run consecutively to the sentence imposed for Homicide by Vehicle; 1½ to 3 months of incarceration for one count of DUI, plus 6 months of probation to be served consecutively to the sentences of incarceration but concurrently to the other probationary sentence; his second count of DUI merged with the first count for sentencing purposes. On the seven summary violations of the Vehicle Code, the court imposed fines.

circumstances of this case are unusual, to say the least, in a criminal sentencing hearing. Should Mr. Keating's case be remanded for a new sentencing hearing?

Appellant's Br. at 8.

## A.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Barnes*, 167 A.3d 110, 122 (Pa. Super. 2017) (*en banc*). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question "that the sentence appealed from is not appropriate under the Sentencing Code." *Barnes*, 167 A.3d at 122 (citation omitted).

Appellant satisfied the first three requirements as he preserved his issue by filing a post-sentence motion, timely appealed, and included a Rule 2119(f) statement in his brief. Accordingly, we consider whether Appellant raised a substantial question for our review in his Rule 2119(f) statement.

We determine whether an appellant has presented a substantial question on a "case-by-case basis." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions

- 4 -

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and internal quotation marks omitted).

In considering whether an appellant has presented a substantial question, we do not address the merits of the claim, but "[r]ather we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable." *Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super. 2022) (citation omitted). As this Court recently stated, "[a] claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted).

In his Rule 2119(f) Statement, Appellant claims his sentence is "manifestly excessive and clearly unreasonable" because the sentences for Homicide by Vehicle and both counts of REAP, "while technically within the standard range of the guidelines, are all [statutory] maximum sentences[.]"[4] Appellant's Br. at 16, 19. He avers that "the circumstances of this case do not justify a statutory maximum sentence." *Id.* at 19. Appellant also

_____

[4] Specifically, he recognizes that given the offense gravity score and his prior record score as a repeat felon, the standard range for a minimum sentence for Homicide by Vehicle was 32-45 months, and the court imposed a minimum sentence on that count of 42 months, where 42 months was the statutory maximum for a minimum sentence. Similarly, for the two counts of REAP, the standard "range" of 1 year for a minimum sentence was also the statutory maximum for a minimum sentence.

- 5 -

contends that the trial court improperly imposed the sentence based on the severity of the offense and the court's disappointment in Appellant, who had "successfully graduated from mental health court[.]" *Id.* at 19-20.

While we ultimately find Appellant fails to establish that the sentencing court abused its discretion, we nevertheless agree that Appellant has presented a substantial question by claiming that the imposition of statutory maximum sentences is manifestly excessive and based on improper reasons. Accordingly, we will address the merits.

**B.**

We reiterate that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Barnes*, 167 A.3d at 122 n.9 (citation omitted). We apply a deferential standard of review, recognizing that the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Moury*, 992 A.2d at 170 (citation omitted). To demonstrate an abuse of discretion, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of impartiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Ali*, 197 A.3d 742, 761 (Pa. Super. 2018) (citation omitted).

"Sentencing in Pennsylvania is individualized[] and requires the trial court to fashion a sentence 'that is consistent with the protection of the public,

the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[.]'" *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013) (quoting 42 Pa.C.S. § 9721(b)). Appellate courts review a sentence with "regard for: (1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[;] and (4) [t]he guidelines promulgated by the commission." 42 Pa.C.S. § 9781(d). An appellate court shall vacate a sentence where "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" *Id.* at § 9781(c). "Where the sentencing court imposes a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Bankes*, 286 A.3d at 1307-08 (citation omitted).

## C.

In challenging the discretionary aspects of his sentence, Appellant acknowledges that the trial court imposed a sentence within the sentencing guidelines; he argues, however, that in imposing the aggregate sentence, the sentencing court abused its discretion in the following ways: (1) by

"improperly focus[ing] on the seriousness of the offense, particularly the impact on the victim's family[;]" (2) "fail[ing] to appreciate that [the crime] was a single car accident, not an intentional crime spree[;] (3) finding that Appellant "should have known better" given his prior experience in mental health court; and (4) espousing that the court felt "personally disappointed, sad, and sick at the circumstances of this case[.]" Appellant's Br. at 21. Appellant claims that the court's "emotional reaction sullies the sentencing process." *Id.* at 35. Appellant contends that the court "focused exclusively on [his] mental health misstep to the exclusion of all other relevant sentencing factors[,]" including his education and work history and his rehabilitative needs. *Id.* at 36. We disagree.

Based on our review of the record, we conclude that the sentencing court provided ample reasons for the standard range sentences imposed.[5] As the sentencing court highlighted, the standard guideline range applicable to Appellant included the statutory maximum due to his "substantial criminal history which has him listed as a repeat felon by the age of 32." Trial Ct. Op., 9/15/23, at 9. Indeed, the court noted that Appellant committed "another DUI while he was out on bond for the instant case, demonstrating his complete disrespect for the law and disregard for the consequences of his actions." *Id.* (emphasis omitted).

---

[5] In its Rule 1925(a) opinion following remand, the court set forth reasons supporting the current sentence as well as adopting the justifications provided in its original January 27, 2022 opinion. Trial Ct. Op., 9/15/23, at 6.

Moreover, we recognize that the sentencing court was particularly well-versed in Appellant's "character, personal history, and rehabilitative needs," having supervised Appellant's progress through mental health court, from which he graduated in 2015. Trial Ct. Op., 1/27/22, at 11-12. Addressing Appellant's mental health, the court reasoned that Appellant "was not an individual who had unaddressed treatment needs[,]" but rather one who had "had failed to take advantage of the numerous opportunities that he had been afforded[.]" *Id.* at 14. The court further explained that the community-based mental-health programs that Appellant's counsel requested were "foreclosed [to him] because of the serious nature of the charges and the fact that there has been a death." Trial Ct. Op., 9/15/23, at 8 (citation omitted).

After additionally noting Appellant's lack of remorse for the victim and her family, the sentencing court found that "these facts all serve to highlight either an inability or unwillingness to become a law-abiding citizen, which in turn, makes the Defendant a danger to the public." *Id.* at 8-9.

We agree with the sentencing court that the totality of the circumstances of this case supports the sentence imposed. Accordingly, we affirm the judgment of sentence imposed on March 23, 2023, following remand.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

6/20/2024