J-S19007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY P. LEWIS | : | |
| | : | |
| Appellant | : | No. 703 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 4, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001000-2020

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 12, 2025**

Leroy P. Lewis appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County. After careful review, we affirm.

On March 17, 2022, Lewis entered an open guilty plea to one count of possession of a firearm by a prohibited person.[1] On October 4, 2022, the court imposed a sentence of 2 ½ to 5 years' incarceration followed by 3 years' reporting probation. Lewis timely filed a post-sentence motion for reconsideration of sentence, which was denied by operation of law on February 3, 2023. ***See*** Pa.R.Crim.P. 720(B)(3)(c).

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

Lewis filed a Post-Conviction Relief Act[2] ("PCRA") petition seeking *nunc pro tunc* reinstatement of his right to file a direct appeal, which was granted on September 27, 2023. On October 9, 2023, he filed a second post-sentence motion for reconsideration of sentence, which was also denied by operation of law on February 6, 2024. Lewis timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), on March 1, 2024 and September 11, 2024, respectively. The PCRA court issued its opinion pursuant to Pa.R.A.P. 1925(a) on October 29, 2024.

On appeal, Lewis asks this Court to consider "whether [his] sentence was unduly harsh and excessive[,]" thereby raising a challenge to the discretionary aspects of sentencing. Appellant's Brief, at 7 (unnecessary capitalization omitted).

> An appeal from the discretionary aspects of sentencing is not guaranteed as a matter of right. Before addressing such a challenge, we must first determine: (1) whether the appeal is timely; (2) whether the appellant preserved his or her issue; (3) whether the appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

***Commonwealth v. Williamson***, 330 A.3d 407, 419-20 (Pa. Super. 2025) (citation omitted). "A substantial question exists only when the appellant

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Lawrence***, 313 A.3d 265, 285 (Pa. Super. 2024) (citation omitted). "If the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case." ***Commonwealth v. Bankes***, 286 A.3d 1302, 1306 (Pa. Super. 2022) (brackets and citation omitted).

Here, Lewis satisfied the first 3 requirements for invoking our jurisdiction by filing a timely notice of appeal, preserving his issue in a post-sentence motion for reconsideration, and including a Rule 2119(f) statement in his brief. **See** Appellant's Brief, at 12-13. Furthermore, Lewis presented a substantial question for our review, satisfying the 4th requirement, by asserting that his sentence is unduly harsh and excessive where the sentencing court failed to appropriately consider his rehabilitative needs as required by 42 Pa.C.S.A. § 9721(b). **See** Appellant's Brief, at 7, 13; ***Commonwealth v. Ratliff***, 328 A.3d 1042, 1056 (Pa. Super. 2024) (We look to "the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists.") (brackets and citation omitted); ***see also Bankes***, 286 A.3d at 1306 ("[A] claim that a court imposed an excessive sentence after not considering rehabilitative needs raises a substantial question.") (citation omitted). Therefore, Lewis has

properly invoked our jurisdiction, and we proceed to review the merits of his claim.

We review a challenge to a sentencing court's exercise of discretion using an abuse of discretion standard.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Lawrence*, 313 A.3d at 287 (citation omitted). Moreover, section 9781 of our Judicial Code instructs us as follows:

> **(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
>
> **(d) Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [("PSI")].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c)-(d).

Where a court imposes a sentence of total confinement, it must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). However,

the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain. This Court has stated that when a court possesses a [PSI], it is presumed the court was aware of and weighed all relevant information contained in the report along with any mitigating sentencing factors.

***Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (citations, quotation marks, and brackets omitted).

Lewis contends that the sentencing court "imposed a sentence that was so manifestly excessive as to constitute too severe a punishment." Appellant's Brief, at 14. Specifically, Lewis points to the following factors, which he believes should have been afforded greater deference, to support his contention that the court failed to "appropriately consider" his rehabilitative needs as required by 42 Pa.C.S.A. § 9721: he has a history of mental health

issues, for which he is prescribed medication, including bipolar disorder, schizophrenia, and post-traumatic stress disorder; he has been diagnosed with cannabis use disorder; he was deemed incompetent after his arrest and held until February 2020; he had no violations on house arrest; he had not committed any other offense between 2013 and 2022; and he carried the gun for his own protection at the time of his arrest because he had been shot on 3 separate occasions. *Id.*, at 12-13.

Lewis's contentions are without merit. Prior to imposing Lewis's sentence, the court opined as follows:

> In fashioning a sentence here today, the Court has taken into account the [PSI], mental health report, the acceptance of responsibility in the form of the open guilty plea by Mr. Lewis, his prior record score, offense gravity score, and range, and I have balanced that against the issue of gun possession and gun violence in our city.
>
> Think about COVID and what it's done is create these long gaps in time between the time of incident and the time of actually getting here to sentencing, and the guidelines are high in this case, 72 to 90, plus or minus 12. And sometimes it's difficult because the individual's life circumstances can change dramatically in a couple of years. And I think we are seeing that in Mr. Lewis.
>
> This Court also stands concerned about some of the things that I've heard, including the fact of during the motion, the, I wouldn't even call it a car stop because Mr. Lewis was asleep at the wheel, but it was 3:47 in the morning and there were, not just a firearm, but the four magazines that were also recovered, and the reasons in which I'm hearing Mr. Lewis did have possession of that firearm. I'm also taking into account the fact that he has done well on house arrest and that he is coming before me with no violations[,] and he is working to make better choices.

Where the guidelines are and where the [defense's] recommendation for house arrest [is], however, are vastly different[.] The Commonwealth is asking for [3 ½] to [7] years based on Mr. Lewis' prior record and the guidelines. And I understand, [defense counsel], your argument that he was released on parole in 2015, but the reality is that it's only about [4] years in which he was not engaged or in contact with the criminal justice system.

I am, in fashioning a sentence, taking into account that Mr. Lewis has spent a significant amount of time on house arrest with limited violations and that is why my sentence is not higher. Based on that, on the 6105 [offense] as [a first-degree felony], I do sentence you to [2 ½] to [5] years of state incarceration, followed by [3] years of reporting probation. All supervision will be done by the state and I am going to have Mr. Lewis' mental health evaluation — in state custody he is to be evaluated and treated while he is in state custody.

N.T. Sentencing, 10/4/22, at 10-12.

We discern no abuse of discretion by the sentencing court. Lewis was sentenced within the guidelines, and our review of the record revealed no indication that the guidelines were applied erroneously or any circumstances that would render their application clearly unreasonable. **See** 42 Pa.C.S.A. § 9781(c). The sentencing court properly considered the protection of the public, the gravity of the offense, and Lewis's rehabilitative needs. **See** 42 Pa.C.S.A. § 9721(b). Furthermore, the court not only explicitly accounted for Lewis's mental health issues, behavior on house arrest, engagement with the criminal justice system, and reason for carrying a firearm, but it also had the benefit of a mental health evaluation and a PSI. **See** N.T. Sentencing, 10/4/22, at 3. After weighing these factors, the sentencing court actually sentenced Lewis to a shorter sentence than that recommended by the

- 7 -

prosecution. Accordingly, we acknowledge and recognize that the sentencing court was aware of and adequately considered the mitigating factors raised on appeal, and it is beyond our authority to reweigh them. **See Velez**, 273 A.3d at 10.

For the foregoing reasons, Lewis's discretionary sentencing challenge does not entitle him to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/12/2025