**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACK P. COVERT | : | |
| | : | |
| Appellant | : | No. 608 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003074-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACK P. COVERT | : | |
| | : | |
| Appellant | : | No. 609 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003855-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACK P. COVERT | : | |
| | : | |
| Appellant | : | No. 610 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003856-2021

J-S03040-26

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JACK P. COVERT :
:
Appellant : No. 611 MDA 2025

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002946-2022

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JACK P COVERT :
:
Appellant : No. 612 MDA 2025

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002947-2022

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JACK P. COVERT II :
:
Appellant : No. 613 MDA 2025

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002371-2023

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED MARCH 13, 2026**

- 2 -

Jack P. Covert ("Covert") appeals from the judgments of sentence imposed, across six trial dockets, following his jury convictions for rape and related charges, as well as his pleas of no contest to attempted statutory sexual assault[1] and related charges. We affirm.

We briefly summarize the underlying facts and dispositions of each trial docket to provide context to Covert's sentencing issue on appeal. At trial docket CP-40-0003074-2020 ("Docket 3074-2020"), throughout 2017 and 2018, Covert touched five-year-old A.D. on her buttocks and vagina when she slept over at his house with her grandmother. In March 2024, a jury found Covert guilty of corruption of minors ("CMOM") and indecent assault of a person less than thirteen years of age.[2]

At trial dockets CP-40-CR-0003855-2021 ("Docket 3855-2021"), CP-40-CR-0003856-2021 ("Docket 3856-2021"), and CP-40-CR-0002947-2022 ("Docket 2947-2022"), from January through September 2003, Covert repeatedly forced eleven, twelve, and thirteen-year-old sisters N.A., S.A., and N.V., naked, into a hot tub with him, while he touched their vaginas and breasts. Covert attempted sexual intercourse with N.V., penetrated her vagina with his fingers, and forced her to perform oral sex. On April 24, 2024, Covert entered pleas of no contest to one charge each of attempted statutory

_____

[1] **See** 18 Pa.C.S.A. §§ 3121(a)(1), (2), 901(a), 3122.1(a).

[2] **See** 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 3126(a)(7).

sexual assault and aggravated indecent assault, and two counts of indecent assault.[3]

At trial docket CP-40-CR-0002946-2022 ("Docket 2946-2022"), police executed a search warrant at Covert's house and recovered numerous electronic devices containing child pornography. On May 22, 2024, a jury found Covert guilty of six counts of possession of child sexual abuse material ("C-SAM") and one count of criminal use of a communication facility.[4]

Lastly, at trial docket CP-40-CR-0002371-2023 ("Docket 2371-2023"), beginning in 1991, Covert fondled ten-year-old N.E.'s breasts, inserted his fingers into her vagina, forced her to touch his penis, and masturbated in front of her. In 1996, when N.E. was fifteen years old, Covert took N.E. on a camping trip, where he chased her into the woods, choked her until she blacked out, and raped her. Covert threatened to kill N.E.'s mother and younger sister if she told anyone. In October 2024, a jury found Covert guilty of rape by forcible compulsion, rape by threat of forcible compulsion, attempted involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, indecent assault, and indecent exposure.[5]

On January 28, 2025, the trial court imposed sentence on all six trial dockets. At Docket 3074-2020, the trial court imposed sentences of: twelve

_____

[3] **See** 18 Pa.C.S.A. § 3125(a)(8).

[4] **See** 18 Pa.C.S.A. §§ 6312(d), 7512(a).

[5] **See** 18 Pa.C.S.A. §§ 3125(a)(1), 3126(a)(1), 3127.

to twenty-four months' imprisonment on CMOM; and the mandatory minimum sentence of twenty-five to fifty years' imprisonment and three years' consecutive probation on indecent assault of a person less than thirteen years of age.

At Docket 3855-2021, the trial court imposed sentences of: twelve to twenty-four months' imprisonment and three years' consecutive probation for the attempted statutory sexual assault conviction; and thirty-six to seventy-two months' imprisonment and three years' consecutive probation for aggravated indecent assault of a person less than sixteen years of age.

At Docket 3856-2021, the trial court imposed a sentence of six to twenty-four months' imprisonment and three years' consecutive probation for indecent assault of a person less than thirteen years of age.

At Docket 2947-2022, the trial court imposed a sentence of three to twenty-four months' imprisonment for the conviction of indecent assault of a person less than thirteen years of age.

At Docket 2946-2022, the trial court imposed sentences of: twelve to twenty-four months' imprisonment on each of the six convictions for possession of C-SAM; and six to twenty-four months' imprisonment on the conviction for criminal use of a communication facility.

Lastly, at Docket 2371-2023, the trial court imposed sentences of: sixty to 120 months' imprisonment and three years' consecutive probation on the

conviction for rape by forcible compulsion;[6] sixty to 120 months' imprisonment and three years' consecutive probation on the conviction for attempted IDSI; forty-eight to 120 months' imprisonment and three years' consecutive probation for the aggravated indecent assault conviction; six to twenty-four months' imprisonment for the conviction of indecent exposure; and nine to twenty-four months' imprisonment for the indecent assault conviction.

The trial court ordered all of the above sentences to run consecutively to one another, for an aggregate term of fifty-two and one-half years to 112 years' imprisonment and twenty-one years' consecutive probation. The trial court also determined Covert was a sexually violent predator under the Pennsylvania Sex Offender Registration and Notification Act ("SORNA").[7] *See* N.T., 1/28/25, at 35-39.

Covert filed timely post-sentence motions at all dockets, in which he raised the following sole claim: "[Covert] seeks a reconsideration of his sentence requesting this honorable court consider a sentence on each docket concurrent to the other." Post-Sentence Motion, 2/6/25, at unnumbered 1 (unnecessary capitalization omitted). The trial court denied the post-sentence motions.

---

[6] The trial court determined that rape by forcible compulsion and rape by threat of forcible compulsion merged for purposes of sentencing because they arose from the same act. *See* N.T. Sentencing, 1/28/25, at 38.

[7] *See* 42 Pa.C.S.A. §§ 9799.10-9799.75.

Covert filed timely notices of appeal at each docket[8] and a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court then authored a Rule 1925(a) opinion.

Covert presents the following issue for our review: "Whether the trial court issued a sentence that was excessive and unduly harsh that constitutes an abuse of discretion." Covert's Brief at 1 (unnecessary capitalization omitted).

On appeal, Covert argues that the trial court erred when it imposed consecutive sentences and failed to consider mitigating factors. This claim implicates the discretionary aspects of his sentence. It is well-settled that "[t]here is no automatic right to review of a challenge to the discretionary aspects of sentencing." *Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super. 2022) (citation omitted).

> Before this Court may reach the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four part analysis to determine: (1) whether the appeal was timely-filed; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a substantial question that is appropriate under the sentencing code. If the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

---

[8] *See Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (holding that "[w]here a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case").

*Id*. (citation and brackets omitted). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted).

Here, Covert filed a timely notice of appeal. He also filed a timely post-sentence motion and included in his brief a Rule 2119(f) statement. In both his post-sentence motion and Rule 1925(b) concise statement, Covert challenged the trial court's imposition of consecutive sentences as excessive. ***See*** Post-Sentence Motion, 2/6/25, at unnumbered 1; ***see also*** Concise Statement, 5/30/25, at 1. He has thus preserved this issue for our review.

However, in his Rule 2119(f) statement, Covert raises an additional issue, that the trial court "failed to consider mitigating circumstances" and that "the aggregate sentence was over [52]½ to 112 years without considering [Covert's] age, health, and cooperation with law enforcement . . . ." Covert's Brief at 6. Covert did not raise this issue at the sentencing hearing or in his post-sentence motion. ***See Cartrette***, 83 A.3d at 1042; ***see also*** Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Covert also did not raise it in his court-ordered concise statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the concise statement

"are waived"). We thus conclude that Covert has failed to preserve an issue pertaining to the consideration of mitigating circumstances.

Returning to Covert's preserved claim that the trial court's imposition of consecutive sentences was excessive, we next consider whether he has raised a substantial question.

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. . . .

***Bankes***, 286 A.3d at 1306 (citation omitted). This Court has held that "a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence . . . ." ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citation omitted).

We conclude that Covert's challenge, to the imposition of consecutive sentences resulting in an aggregate term of fifty-two and one-half years to 112 years' imprisonment and twenty-one years' consecutive probation as unduly excessive, presents a substantial question. ***See Bankes***, 286 A.3d at 1306 (holding that a defendant raised a substantial question where he challenged the imposition of consecutive standard-range sentences, which resulted in an aggregate sentence of fifty to 140 years' imprisonment). Therefore, we will address this aspect of Covert's sentencing claim.

Covert argues that "the consecutive nature of the sentence [that] resulted in a [52]½ to 112 years sentence on a 60 plus year old defendant is unwarranted and unfair," and "resulted in a '*de facto*' life sentence." Covert's Brief at 9, 10.

Our standard of review of a discretionary sentencing claim is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this, an abuse of discretion is not shown merely by an error of judgment. Rather, the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Bankes**, 286 A.3d at 1307 (citation omitted). Additionally, when reviewing the record, we must consider "[t]he nature and circumstances of the offense and history and characteristics of the defendant;" the sentencing court's observations of the defendant; the findings that formed the basis of the sentence; and the sentencing guidelines. 42 Pa.C.S.A. § 9781(d).

When imposing a sentence of total confinement, the sentencing court must consider not only the sentencing guidelines but also "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The balancing of these factors lies within the sole province of the sentencing court, who "is in the best position to

determine the property penalty for a particular offense based upon an evaluation of the individual circumstances before it." **Bankes**, 286 A.3d at 1307 (citation omitted). "[W]here the sentencing judge had the benefit of a presentence investigation report . . . it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Id**.

It is within the sound discretion of the trial court to impose consecutive sentences. **Id**. at 1310. "Defendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence. Further, we will not disturb consecutive sentences unless the aggregate sentence is 'grossly disparate' to the defendant's conduct, or "viscerally appears as patently unreasonable'." **Id**. (citations omitted).

In its Rule 1925(a) opinion, the trial court explained:

We imposed consecutive sentences because we presided over the trials and pleas in this matter and having also reviewed the pre-sentence investigation, we are certain that a lengthy period of incarceration is necessary because of the serious nature of [Covert's] crimes and substantial impact that his crimes had on each one of the victims. [Covert] deserves to serve a lengthy sentence for each individual victim in his multitude of cases. Each one of the young women who were victimized by [Covert] was brave to come forward to report his crimes against them. Each one of these young women have a right to know that [Covert] is being held accountable for what he did to them.

Trial Court Opinion, 7/23/25, at 6. The trial court further reasoned that "it is evident that [Covert] is a serial sexual offender" and that his "multiple convictions for sexual offenses against these five . . . individual victims over

the course of decades leave us with no doubt that the public needs to be protected from [Covert]." *Id*. at 7-8.

After review of the record, we determine that the trial court did not abuse its discretion. *See Bankes*, 286 A.3d at 1307. The trial court's imposition of an aggregate sentence of fifty-two and one-half years to 112 years' imprisonment is not "grossly disparate" to Covert's decades of sexual abuse against multiple child victims, nor does it "viscerally appear[] as patently unreasonable." *Id*. at 1310. We emphasize that the aggregate sentence arises from six separate trial dockets, each involving different victims and circumstances. Covert is "not entitled to a volume discount" in his sentencing. *Id*. (quotation marks omitted). After reviewing the facts of these cases and hearing from the victims themselves at sentencing, the trial court properly determined that a lengthy term of imprisonment was essential to vindicate the devastating impact Covert's crimes had on the victims' lives as well as to protect the public from Covert.

Accordingly, we affirm the judgment of sentence.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/13/2026

- 12 -