J-S37036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BERTO VEGA-PABON | : | |
| | : | |
| Appellant | : | No. 2804 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 20, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000438-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BERTO VEGA-PABON | : | |
| | : | |
| Appellant | : | No. 2805 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 20, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000439-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BERTO VEGA-PABON | : | |
| | : | |
| Appellant | : | No. 2806 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 20, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000440-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BERTO VEGA-PABON :
:
Appellant : No. 2807 EDA 2023

Appeal from the Judgment of Sentence Entered September 20, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000441-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BERTO VEGA-PABON :
:
Appellant : No. 2808 EDA 2023

Appeal from the Judgment of Sentence Entered January 18, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000442-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BERTO VEGA-PABON :
:
Appellant : No. 2809 EDA 2023

Appeal from the Judgment of Sentence Entered September 20, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000443-2019

J-S37036-24

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERTO VEGA-PABON | : | |
| | : | |
| Appellant | : | No. 2810 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 18, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000444-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERTO VEGA-PABON | : | |
| | : | |
| Appellant | : | No. 2811 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 20, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002265-2020

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED OCTOBER 29, 2024**

In these consolidated appeals,[1] Berto Vega-Pabon ("Vega-Pabon")

appeals *nunc pro tunc* from the judgment of sentence following his jury

_____

[1] Vega-Pabon complied with the dictates of our Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding prospectively from the date of the **Walker** decision, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). In April 2024, this Court consolidated the appeals *sua sponte*.

- 3 -

convictions of two counts of rape of a child, three counts of aggravated indecent assault of a child, two counts of aggravated indecent assault without consent, two counts of statutory sexual assault, two counts of sexual assault, one count of involuntary deviate sexual intercourse ("IDSI") by forcible compulsion, one count of IDSI with a child, two counts of terroristic threats, one count of incest complainant under thirteen years of age, eight counts of indecent assault of person less than thirteen years of age, eight counts of indecent assault without consent of other, seven counts of corruption of minors, and one count of endangering the welfare of a child.[2] For the reasons discussed below, we affirm.

Because Vega-Pabon solely challenges the discretionary aspects of his sentence and because the facts of this case are well known to the parties and are not the subject of the instant appeal, we only briefly detail the crimes the jury found Vega-Pabon committed. Between 2006-2013, Vega-Pabon sexually assaulted eight children, seven girls and one boy, some on multiple occasions. The children were between the ages of five and thirteen at the time of the assaults. All the children were known to Vega-Pabon, and most were related to him either by blood or marriage, including some of his grandchildren.

_____

[2] **See** 18 Pa.C.S.A. §§ 3121(c), 3125(b), 3125(a)(1), 3122.1, 3124.1, 3123(a)(1), 3123(b), 2706(a)(1), 4302(b)(1), 3126(a)(7), 3126(a)(1), 6301(a)(1), and 4304(a)(1).

Following a June 2021 trial, the jury convicted Vega-Pabon of the above-cited offenses. A combined sexually violent predator ("SVP") and sentencing hearing took place in September 2021. The trial court found Vega-Pabon to be an SVP. At the sentencing hearing, the trial court had the benefit of a pre-sentence investigation report ("PSI"), a psychosexual evaluation, the SVP assessment, and several victim impact statements. *See* N.T., 9/20/21, at 38-44, 49. Vega-Pabon spoke in his own defense, proclaiming his innocence, claiming he "didn't get the help that [he] should have gotten" from counsel, and declaring all the victims lied. *See id*. at 29.

The trial court sentenced Vega-Pabon to an aggregate term of incarceration of one-hundred-and-fourteen years and seven months to two-hundred-twenty-nine years and three months in prison. *See* Trial Court Opinion, 2/24/24, at 1. Each sentence was within the standard range of the sentencing guidelines, but the court directed they be served consecutively. *See* N.T., 9/20/21, at 56-60.

Vega-Pabon subsequently filed a post-sentence motion for reconsideration in these consolidated cases arguing the trial court failed to give him credit for time served, failed to merge certain of the charges for sentencing purposes, and failed to consider his age (sixty-nine at the time of sentencing), his health, or the likelihood of release in fashioning its sentence. *See* Motion for Reconsideration of Sentence, 9/24/21, at 1 (unnumbered). The trial court issued an order granting Vega-Pabon credit for time served,

ordering a resentencing hearing on the merger issue, and otherwise denying the motion. **See** Order, 12/27/21, at 1 (unnumbered).

In January 2022, by agreement of the parties, the trial court resentenced Vega-Pabon. The parties agreed that certain charges in two of the cases merged for purposes of sentencing, however, the aggregate sentence remained unchanged. **See** N.T. 1/18/22, at 1-6. The court granted Vega-Pabon leave to file a second post-sentence motion. Vega-Pabon then filed a timely post-sentence motion arguing his sentence was unreasonable and excessive because the trial court failed to consider mitigating factors, including his age and his likelihood of release. **See** Post-Sentence Motion, 3/3/22, at 2. The trial court denied the motion. Vega-Pabon did not file an appeal.

In May 2023, Vega-Pabon filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), seeking restoration of his direct appeal rights. The trial court granted the PCRA petition and reinstated Vega-Pabon's direct appeal rights. This timely appeal followed.[3]

Vega-Pabon raises a single issue for our review:

> Was the imposition of 40 consecutive sentences . . . manifestly unreasonable (excessive) and an abuse of discretion since the trial court did not consider [Vega-Pabon's] age and/or the likelihood of his release at the time of sentencing?

Vega-Pabon's Brief at 17.

_____

[3] Vega-Pabon and the trial court complied with Pa.R.A.P. 1925.

- 6 -

In his only issue, Vega-Pabon challenges the discretionary aspects of his sentence. *See* Vega Pabon's Brief at 28-38. There is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Before reaching the merits of a discretionary sentencing claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved h[er] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

In his post-sentence motion, Vega-Pabon preserved his issue concerning an excessive sentence and the failure to consider mitigating factors. He filed a timely appeal and included in his brief a statement of the reasons relied upon for allowance of appeal. Therefore, we consider whether Vega-Pabon has raised a substantial question.

Vega-Pabon contends the sentence was excessive and the trial court failed to properly consider mitigating factors. Vega-Pabon's Brief at 28-38. This claim raises a substantial question. *See Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (concluding a claim that the sentence was harsh and excessive and trial court failed to consider mitigating factors raises a substantial question).

- 7 -

We next consider the merits of Vega-Pabon's claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

When a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007); *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). We may only vacate a sentence within the guidelines where the sentence is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). In addition, when the trial court has had the benefit of a PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Lastly, "[l]ack of remorse is an appropriate sentencing consideration." *Commonwealth v. Summers*, 245 A.3d 686, 695 (Pa. Super. 2021).

Here, the trial court considered the PSI, the psychosexual evaluation, the SVP assessment, the victim impact statements, and the sentencing guidelines. *See* N.T., 9/20/21, at 38-44, 49.

The court explained:

> [t]his is a most troubling case because it deals with an individual who utilized familial bonds, preying upon eight minor victims, including his own biological grandchildren, and as noted in the victim's statements, the impact that it's had on the lives of these young people.

*Id*. at 55-56.

After careful review, we conclude Vega-Pabon's standard-range sentences were neither excessive nor clearly unreasonable and discern no abuse of discretion in sentencing. *See*, *e.g*., *Moury*, 992 A.2d at 171 (holding a sentence within the standard range of the guidelines is viewed as appropriate, and the sentence is not unreasonable where the trial court had the benefit of a PSI and imposed a standard-range sentence); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (holding defendant's standard-range sentences were neither unreasonable nor excessive where the "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing").

The record demonstrates the trial court considered the PSI, Vega-Pabon's allocution, the victims' statements, and the various evaluations in imposing Vega-Pabon's sentence. *See* N.T., 7/24/23, at 49, 55. This is what the law requires. *See*, *e.g.*, *Commonwealth v. Hardy*, 939 A.2d 974, 980

(Pa. Super. 2007) (rejecting defendant's challenge to discretionary aspects of sentence and stating sentencing court is not required "to ignore context and instead review [the] charges in a vacuum, where only the name of the offense and corresponding standard range sentence is considered.").

Moreover, this Court rejects Vega-Pabon's argument that the trial court should only have sentenced him on the single most serious charge, rape of a child, in only **one** of the **eight** cases because that sentence would have been sufficient to ensure he remained in prison for most of the remainder of his life. **See** Vega-Pabon's Brief at 36-37. Vega-Pabon sexually assaulted eight children and at sentencing showed no remorse, instead claiming the victims lied. Each of the eight victims deserved justice and to have the trauma inflicted upon them recognized by the court at sentencing. **See Summers**, 245 A.3d at 695.

On appeal, Vega-Pabon briefly challenges the court's imposition of consecutive sentences. **See** Vega-Pabon's Brief at 37-38. However, Vega-Pabon did not raise a challenge to the consecutive nature of the sentence in either of his post-sentence motions or in his Rule 1925(b) statement. **See** Motion for Reconsideration of Sentence, 9/24/21, at 1-2 (unnumbered); Motion for Reconsideration of Sentence, 3/3/22, at 1-3; Rule 1925(b) Statement, 11/13/23, at 7. An appellant waives a challenge to the discretionary aspects of sentence not raised in a post-sentence motion and may not raise it for the first time on appeal. **See Commonwealth v.**

**Bradley**, 237 A.3d 1131, 1138-39 (Pa. Super. 2020) (claim waived where not specifically raised in post-sentence motion); **see also** Pa.R.A.P. 302(a). Moreover, claims not raised in a Rule 1925(b) statement are also waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Given**, 244 A.3d 508, 510 (Pa. Super. 2020).

Even if this Court had jurisdiction to address Vega-Pabon's unreviewable claim, he would not be due relief because the trial court had discretion to impose consecutive sentences. **See Commonwealth v. Radecki**, 180 A.3d 441, 470 (Pa. Super. 2018) ("Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences" (citation omitted)). We will not disturb consecutive sentences "unless the aggregate sentence is 'grossly disparate' to the defendant's conduct, or viscerally appear[s] as patently unreasonable." **Commonwealth v. Bankes**, 286 A.3d 1302, 1310 (Pa. Super. 2022) (affirming imposition of consecutive standard-range sentences resulting in an aggregate sentence of fifty to one-hundred and forty years of incarceration, despite Bankes' entry of a guilty plea and expression of remorse, for one count of rape of a child, three counts of rape by forcible compulsion, and two counts of IDSI) (citation and internal quotation marks omitted). **See also Commonwealth v. Lawrence**, 313 A.2d 265, 287 (Pa. Super. 2024) (affirming imposition of consecutive sentences resulting in an aggregate sentence of forty-two to eighty-six years of incarceration for repeated sexual abuse of a child and reaffirming

"defendants convicted of multiple criminal offenses are not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." (citations omitted)).  Here, Vega-Pabon's sentence was not grossly disparate to his sexual predation of eight children under the age of thirteen, most of whom were family relations, especially considering he expressed no remorse and continued to accuse the children of lying subsequent to his jury convictions.  Thus, even if Vega-Pabon had preserved his challenge to the consecutive sentences, we would not disturb the sentence.

As we discern no abuse of discretion by the trial court, Vega-Pabon's sentencing issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024