J-S09007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOKAVY SUONBORAI | : | |
| | : | |
| Appellant | : | No. 1207 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 28, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002481-2023

BEFORE: MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED MAY 13, 2026**

Sokavy Suonborai (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of one count each of aggravated indecent assault of a child (AIA), corruption of minors by course of conduct (COM), indecent assault of a person less than 13 years of age (IA), and unlawful contact with a minor (UCM).[1] After careful consideration, we affirm the judgment of sentence.

The trial court summarized as follows the relevant facts, adduced at trial, concerning Appellant's repeated sexual abuse of his minor sister, A.S.:

> [Appellant] molested … A.S., [] when [A.S.] was approximately seven to twelve years old and [Appellant] was approximately twenty-four to twenty-nine years old. N.T., 9/4/24, at 60-73, 88-

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(b), 6301(a)(1)(ii), 3126(a)(7), 6318(a)(1).

90, 97. [Appellant] touched A.S.'s chest, both over and under her shirt, and [Appellant touched] the outside and inside of [A.S.'s] genitals. *Id.* at 60-63. These crimes occurred in two houses in Philadelphia, … where A.S. resided with her parents and many of her twelve siblings[, including (at times) Appellant]. *Id.* 61-73, 88-90, 97, 102-04.

The first time [Appellant] molested A.S., he touched the "top" and "outside" of her "vagina." *Id.* at 61. [Appellant] also grabbed [A.S.] by the arm and put her hand on his groin. *Id.* [A.S.] did not like what [Appellant] did to her. Exhibit C-11 (A.S.'s videotaped forensic interview) at 28:52-29:14. However, [A.S.] did not say anything … about the incident because she was "shook" and "frozen in shock." N.T., 9/4/24, at 61.

The next time [Appellant] molested A.S., [A.S.] was in [Appellant's] bedroom and [she] had fallen asleep[. A.S.] woke up when she felt [Appellant] insert his fingers into her vagina. *Id.* at 62-63. [Appellant's digital penetration of A.S.'s vagina] caused [A.S.] to feel a type of pain in her lower body that she had never felt before. *Id.* at 62. [A.S.] did not tell anybody about this incident because she thought it would be embarrassing. *Id.* at 63.

On other occasions, A.S. would be playing on a laptop with [Appellant,] and [Appellant] would randomly place his hand on her thighs and her "vaginal area." *Id.* at 66-67. [Appellant] would then move his hand up [A.S.'s] thighs and touch her "vaginal area" over her clothing. *Id.* at 67. [A.S.] did not want [Appellant] to touch her in that way—it made her uncomfortable. *Id.* at 68.

The last time [Appellant] molested A.S., she was sleeping on her top bunk bed. [Appellant] climbed up the ladder to [A.S.'s] bed, crawled under the blanket with [A.S.], and then touched her "vagina" both "over" and "under" her clothes. *Id.* at 69-72. [Appellant] also put his hand inside of [A.S.'s] vagina. *Id.* at 71-72, 102-04. A.S. was in pain all the next day as the result of that incident. *Id.* at 72.

Trial Court Opinion, 10/3/25, at 2-3 (citations modified; some citations omitted).

The trial court additionally summarized the trial testimony regarding A.S.'s disclosure of her sexual abuse:

> At some point [], A.S.'s father [(Father)] asked A.S. if she was being touched by [Appellant], and [A.S.] said yes. N.T., 9/4/24, at 72-73. [F]ather then informed some of his children that [Appellant] had been molesting A.S. *Id.* at 73; N.T., 9/5/24, at 66-67. A.S.'s [adult] sister, Serena [], subsequently discovered that [F]ather allowed [Appellant] to be alone with A.S.[,] while [A.S.] was being driven to school. N.T., 9/5/24, at 78-79. As a result of that discovery, Serena called the Pennsylvania Department of Human Services (DHS) in April 2022 to report [Appellant's] abuse of [A.S]. *Id.* at 79; N.T., 9/4/24, at 89.
>
> A.S. was instructed by her parents to lie to DHS and say nothing happened with [Appellant]. N.T., 9/4/24, at 81. When DHS initially investigated the matter in April 2022, A.S. lied to the social workers as instructed. *Id.* A.S. feared her parents would get "really, really mad" had she not done so. *Id.* When [A.S.'s] parents got mad, they would hit her and her siblings. *Id.* at 82.
>
> In July 2022, A.S.'s [adult] sister, Salimah [], called DHS about [Appellant's] abuse of A.S. N.T., 9/5/24, at 44-46, 80-81. Shortly after the call, DHS again sent social workers to A.S.'s house to investigate the situation. Upon their arrival, A.S. feared her parents would prevent her from talking with [the social workers], so she exited the back of the house and climbed over a fence. N.T., 9/4/24, at 74-77. Once in a car with a DHS social worker, A.S. gave the social worker a note she prepared[, which explained that A.S.'s parents told her to lie to DHS about the sexual abuse perpetrated by Appellant]. *Id.* at 78-82. That day, DHS removed A.S. and her younger sister, J.S., from their parents' custody and placed them in the house Serena and Salimah shared. N.T., 9/4/24, at 74-75, 82-83; N.T., 9/5/24, at 82. Salimah and Serena subsequently became [A.S.'s] kinship caregivers. N.T., 9/4/24, at 82-83; N.T., 9/5/24, at 46-48, 72.

Trial Court Opinion, 10/3/25, at 3-4 (citations modified; some citations omitted).

On April 6, 2023, the Commonwealth filed a criminal information charging Appellant with the above-described offenses.[2] The matter proceeded to a six-day jury trial in September 2024. On September 11, 2024, the jury convicted Appellant of all counts. The trial court deferred sentencing and ordered the preparation of a presentence investigation report (PSI) and mental health evaluation of Appellant. The trial court additionally directed the Sexual Offenders Assessment Board (SOAB) to assess whether Appellant satisfied the criteria for sexually violent predator (SVP) designation under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42.[3]

The matter proceeded to sentencing on April 28, 2025. The parties agreed the recommended minimum sentence under the sentencing guidelines, for the lead charge of AIA, was 60 to 78 months in prison, plus/minus 12 months. N.T., 4/28/25, at 24.[4] The Commonwealth recommended a sentence

_____

[2] The circumstances of Appellant's arrest are not apparent from the record.

[3] The SOAB assessor authored a report opining that Appellant satisfied the criteria to be classified as an SVP. *See generally* Exhibit C-2 (SVP Assessment). On April 28, 2025, the trial court found that the Commonwealth carried its burden of proving that Appellant is an SVP. N.T., 4/28/25, at 21-22. The trial court further advised Appellant of his lifetime registration and reporting requirements as a Tier III offender under SORNA. *Id.* at 66-70.

[4] The trial court entered into evidence, as Court's Exhibit 1, its sentencing guidelines worksheet, detailing the applicable standard-range minimum sentencing guidelines for Appellant's remaining convictions as follows: IA – 6
*(Footnote Continued Next Page)*

- 4 -

of three to six years, followed by three years' probation, and agreed to waive Appellant's ineligibility for the recidivism risk reduction (RRRI) program.[5] *Id.* at 24-25, 49. Appellant requested a sentence of 11½ to 23 months in county jail, followed by 8 years' probation. *Id.* at 42.

At the conclusion of the hearing, the trial court sentenced Appellant to an aggregate four to eight years in prison, followed by three years' probation.[6] The trial court additionally agreed to waive Appellant's ineligibility for the RRRI program. *Id.* at 56. Appellant timely filed a post-sentence motion requesting "a more mitigated sentence[,]" Post-Sentence Motion, 4/28/25, ¶ 2, which the trial court denied after a hearing. Appellant timely filed a notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following six issues:

> 1. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all elements of [AIA] …[,] beyond a reasonable doubt…?

---

to 14 months; COM – 3 to 12 months; and UCM – 48 to 66 months. Court's Exhibit 1; *see also* N.T., 4/28/25, at 54.

[5] *See* 61 Pa.C.S.A. § 4506 (providing for the reduction of an eligible offender's minimum sentence of state incarceration upon satisfaction of certain criteria).

[6] For AIA, the trial court sentenced Appellant to four to eight years in prison, followed by three years' probation. For both COM and IA, the trial court sentenced Appellant to three years' probation, to run concurrently with each other and consecutive to the carceral portion of Appellant's AIA sentence. At the Commonwealth's request, the trial court imposed no penalty for Appellant's UCM conviction. N.T., 4/28/25, at 50, 57.

2. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all elements of [COM] …[,] beyond a reasonable doubt…?

3. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all elements of [IA] …[,] beyond a reasonable doubt…?

4. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all elements of [UCM] …[,] beyond a reasonable doubt…?

5. Whether the verdict of guilty on all offenses was against the weight of the evidence?

6. Whether the sentence imposed on [Appellant] was harsh and excessive and an abuse of discretion[,] since the [trial] court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

Appellant's Brief at 11-12 (issues reordered).

In his first four issues, Appellant argues that the Commonwealth's evidence at trial was insufficient to sustain the verdicts. *Id.* at 22-24. Initially, we consider whether Appellant preserved his sufficiency claims for our review.

In its Pa.R.A.P. 1925(a) opinion, the trial court opined that Appellant waived his sufficiency claims, as his court-ordered concise statement "did not explain why, or in what respect, the evidence was insufficient to establish the elements of the crimes at issue." Trial Court Opinion, 10/3/25, at 6 (citation

omitted); ***see also*** Commonwealth Brief at 8 (arguing that both Appellant's concise statement and brief fail "to identify *any* element of *any* conviction for which the evidence was supposedly lacking." (emphasis in original)). Our review confirms the trial court's assessment.

"[W]hen challenging the sufficiency of the evidence on appeal, the appellant's court-ordered Rule 1925(b) concise statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." ***Commonwealth v. Torsunov***, 345 A.3d 339, 346 (Pa. Super. 2025) (citation and brackets omitted). "Such specificity is of particular importance in cases where, as here, the [a]ppellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (citation omitted).

Instantly, in his concise statement, Appellant vaguely claimed that the evidence presented at trial was "insufficient to establish all elements" of the offenses of which the jury convicted him. Concise Statement, 5/7/25, ¶¶ 2-5. Accordingly, Appellant waived his sufficiency challenges for appellate review. ***See Commonwealth v. Bonnett***, 239 A.3d 1096, 1105-06 (Pa. Super. 2020) (deeming sufficiency claims waived due to appellant's blanket concise statement that there was "insufficient evidence to sustain a verdict of guilty of each charge in the case."); ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (deeming sufficiency claims waived where

appellant's concise statement "simply provided a generic statement stating [that] '[t]he evidence was legally insufficient to support the convictions.'" (citation and brackets omitted)).

Even if Appellant had preserved his sufficiency claims in his concise statement, the argument he sets forth in his brief lacks specificity, cites no pertinent legal authority, and consists solely of vague challenges to A.S.'s credibility.[7]  **See** Appellant's Brief at 23 (reciting, without elaboration, purportedly contradictory testimony at trial).

Appellant's sufficiency argument is undeveloped and more accurately challenges the weight of the evidence supporting the verdicts.  **See** Pa.R.A.P. 2119(a) (mandating that an appellant develop an argument with citation to and analysis of relevant legal authority); **Commonwealth v. Juray**, 275 A.3d 1037, 1043 (Pa. Super. 2022) (explaining that "a sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth.  Instead, such arguments are more properly characterized as challenges to weight of evidence." (citation omitted)).

Consequently, even if Appellant's concise statement had preserved his first four issues, we would nevertheless deem his sufficiency claims waived.  **See Commonwealth v. Holmes**, 327 A.3d 307, 312 (Pa. Super. 2024)

---

[7] As in his concise statement, Appellant fails in his brief to identify the elements of any <u>applicable</u> offenses.  **See** Appellant's Brief at 23 (Appellant setting forth the elements of <u>attempted murder</u>, a crime of which he was neither charged nor convicted).

(deeming appellant's sufficiency claim waived "[b]ecause [a]ppellant ha[d] not developed his sufficiency claim in any meaningful way and otherwise conflate[d] the distinct concepts of the sufficiency … and weight of the evidence[.]" (citation omitted)). Appellant's first four issues warrant no relief.

In his fifth issue, Appellant argues that the jury's verdicts are against the weight of the evidence. Appellant's Brief at 24-27. Before addressing the merits of this claim, we consider whether Appellant has preserved it for review.

To preserve a challenge to the weight of the evidence, a defendant must raise the issue orally or by a written motion prior to sentencing, or by post-sentence motion. Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Torsunov*, 345 A.3d at 349 (citation omitted).

Here, as the trial court accurately observed, Appellant "never raised a claim with the [trial c]ourt that the verdicts were against the weight of the evidence as required by Rule 607[.]" Trial Court Opinion, 10/3/25, at 9.

Accordingly, Appellant's weight claim is waived. *See Torsunov*, 345 A.3d at 349.[8, 9]

In his final claim, Appellant challenges the discretionary aspects of his aggregate sentence. Appellant's Brief at 20. An appellant challenging the

---

[8] We additionally conclude that Appellant's claim, in his concise statement, that "[t]he verdict of guilty on all offenses was against the weight of the evidence[,]" was insufficient to preserve a weight claim for our review. Concise Statement, 5/7/25, ¶ 6; *see also Commonwealth v. LeClair*, 236 A.3d 71, 76 (Pa. Super. 2020) (observing that an "appellant waive[s] his challenge to the weight of the evidence where his [concise] statement fail[s] to specify which verdicts [are] against the weight of the evidence and [does] not offer specific reasons as to why the verdicts [are] against the weight of the evidence." (citation omitted)).

[9] Although the trial court attempted to address Appellant's sufficiency and weight claims in its opinion, "a trial court's decision to address the weight and sufficiency of the evidence does not affect our finding of waiver." *LeClair*, 236 A.3d at 76 (citation omitted).

We note that in its review, however, the trial court opined that Appellant's conviction of UCM should be reversed, as it was based upon insufficient evidence. Trial Court Opinion, 10/3/25, at 8 (the trial court observing that, after Appellant's convictions, our Supreme Court "refined the legal standard applicable to the communication requirement under Section 6318[.]" (citing *Commonwealth v. Strunk*, 325 A.3d 530 (Pa. 2024)); *see also id.* at 9 (the trial court opining remand for resentencing would be unnecessary as it imposed no further penalty for Appellant's UCM conviction). In its brief, the Commonwealth acknowledged the trial court's position without additional comment. Commonwealth Brief at 9 n.2.

Appellant may raise his counsel's failure to preserve this sufficiency issue, as well as any other cognizable issues, in a timely-filed Post-Conviction Relief Act (PCRA) petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (providing that a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"), (b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

discretionary aspects of his sentence has no absolute right to appeal. *Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*). Instead, an appellant must first invoke this Court's jurisdiction:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted).

Instantly, Appellant timely filed a notice of appeal and preserved his claim in a post-sentence motion. Appellant includes in his brief a statement of reasons relied upon for allowance of appeal, in accordance with Rule 2119(f). We therefore consider whether Appellant has raised a substantial question that his sentence is not appropriate under the Sentencing Code. *See Glawinski*, 310 A.3d at 325.

> A substantial question is presented where
>
> an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Campbell*, 347 A.3d 707, 717 (Pa. Super. 2025) (citation omitted). "We cannot look beyond the statement of questions presented and

- 11 -

the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Id.* (citation omitted). Moreover, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Alameda*, 339 A.3d 504, 512 (Pa. Super. 2025) (citation omitted).

In his statement of questions presented, Appellant argues his aggregate sentence "was harsh and excessive and an abuse of discretion[,] since the [trial] court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence ...." Appellant's Brief at 11; *see also id.* at 18 (in his Rule 2119(f) statement, Appellant arguing the trial court failed to consider mitigating circumstances). Appellant presents a substantial question. *See Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) ("This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)). Accordingly, we address the merits of Appellant's discretionary sentencing challenge.

Appellant briefly argues that the trial court failed to consider Appellant's "age, education, and mental health" in imposing sentence. Appellant's Brief at 21. Appellant asserts that the trial court "only considered the seriousness

of the offenses[,] without addressing any of these mitigating factors when it imposed an aggravated[-]range sentence." *Id.* at 22.[10]

Sentencing "is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Warren***, 350 A.3d 1018, 1031 (Pa. Super. 2025) (citation omitted).

> [A]n abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Bankes***, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted).

The Sentencing Code provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "A sentencing court has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." ***Commonwealth v. Celestin***, 825

_____

[10] Throughout his brief, Appellant erroneously, and contrarily, asserts that the trial court "sentenced him in the standard range" and "imposed [an] aggravated[-]range sentence." Appellant's Brief at 18. The record is clear, however, that Appellant's sentences for AIA, COM, and IA were in the respective mitigated ranges, and his sentence for UCM was a downward departure from the sentencing guidelines. ***See*** Court's Exhibit 1.

A.2d 670, 676 (Pa. Super. 2003) (citation omitted). "The weighing of factors under [Section] 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weight of those factors." **Commonwealth v. Jennings**, 351 A.3d 1215, 1242 (Pa. Super. 2026) (*en banc*) (citation omitted); **see also** 42 Pa.C.S.A. § 9781(c)(2) (directing this Court to vacate a defendant's sentence where "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable").

Finally, where, as here, a PSI exists, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devine**, 326 A.3d 935, 940 (Pa. Super. 2025) (quoting **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014)); **see also Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.").

Instantly, before imposing sentence, the trial court indicated that it had considered the Section 9721(b) factors, the PSI, Appellant's mental health evaluation, the SVP assessment, the parties' arguments, Appellant's allocution, as well as Appellant's age and education. N.T., 4/28/25, at 53-55. Additionally, the trial court specifically described its consideration of mitigating factors, as follows:

[Appellant], you had a tough childhood, and it really breaks my heart to hear all of the potential that you had, and you are [a] very, very, very bright young man, who finished high school early. You went to college and then got yanked out to go in a different course. It doesn't sound like the course that you were choosing, and your sister talked about the restrictions that were put on you as you were living in that home. ….

….

And that it kept you from developing the natural friendships and social connections that people would develop as they grow up. The domestic violence that was in that home. I know [F]ather denies that, but there is a history [disclosing] that [Father] was arrested, and … that happening inside the home. The very troubling event that your family all suffered in the loss of your brother [] and … that had a massive impact on you personally, and you took that very hard. And so I do see that there are a lot of things that say that you haven't really had a chance to get to the full potential that you have to put towards society. And I think you're right that you have a lot that you can contribute, and I want that for you. I think even your sisters, who testified against you, they want those things for you, too. They want you to be a good member[ of society], and they want you to grow up and be happy, and so, … I'm building this sentence with that in mind[.]

*Id.* at 55-56 (punctuation modified); *see also id.* at 54 (the trial court stating that "[w]hen I was at trial and hearing the testimony …, I already started writing a list of what I saw as mitigating factors."); Trial Court Opinion, 10/2/25, at 13-16 (the trial court cogently analyzing Appellant's sentencing claim).

Our review confirms that the trial court appropriately exercised its discretion when it imposed Appellant's **mitigated-range sentences**. *See Devine*, 326 A.3d at 940. Because the trial court had the benefit of a PSI, we must presume that it considered relevant information, including mitigating

- 15 -

circumstances. *See Watson*, 228 A.3d at 936. However, even without that presumption, the record amply demonstrates not only that the trial court considered mitigating factors, but was persuaded by them. N.T., 4/28/25, at 55-56. Appellant essentially asks that we usurp the trial court's function of weighing the sentencing factors, which we will not do. *See Jennings*, 351 A.3d at 1242. Accordingly, Appellant's final issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2026